HON. LYNN B. WATKINS,
HON. SAMUEL D. McENERY, } *Associate Justices.*
HON. JOSEPH A. BREAUX,
HON. HENRY C. MILLER.

---

### No. 11,625.

#### THE STATE OF LOUISIANA VS. KENNERSON DIXON.

This court will not remand a cause to have a sheriff's return corrected, when the statement of the District Judge as to the facts of a service are not disputed.

A person, other than a licensed physician (for instance, trained nurses in the Charity Hospital), may have such knowledge of a particular disease as to make their statements regarding its existence, condition and state of progress thoroughly reliable.

In criminal cases objections to testimony on the ground of irrelevancy will not be sustained by this court, unless well advised, through bills of exceptions, of all the details of the case upon which the District Judge has ruled.

APPEAL from the Tenth District Court, Parish of Avoyelles. Coco, J.

---

*M. J. Cunningham,* Attorney General, for Plaintiff, Appellee.

---

*E. North Cullom, Jr.,* for Defendant and Appellant.

1

State vs. Dixon.

The opinion of the court was delivered by

NICHOLLS, C. J.   Defendant, found "guilty without capital punishment" under an indictment charging him with "rape," has appealed.

When the case was called for trial, counsel for accused asked that an attachment issue for an absent witness, and that until it should have been executed, the trial be delayed.   An order for attachment was given, but immediately afterwards revoked, the judge assigning as his reason for so doing that the sheriff had informed him the witness was a resident of the parish of St. Landry, and that in addition to this, the deputy sheriff who had made service upon the witness also informed him that the service was made by him in that parish (St. Landry).   Under such circumstances the order was properly revoked.   Counsel claim that we come to a knowledge of these facts irregularly, and only as statements of facts made by the judge in the bill of exceptions reserved.   That there is nothing on the face of the subpœna, or the return thereon, to show that the witness lived in the parish of St. Landry, or that service was made upon her there by the deputy sheriff of Avoyelles.   The District Judge assigns these as the facts upon which he revoked his order.   The statements of the sheriff and deputy sheriff seem to have been made at the time the case was called in open court, and the judge, doubtless, in open court, made known to counsel the grounds upon which he acted.   While an examination of the return upon the subpœna shows that service was made upon the witness *in person*, it fails to show *where* the service was made.   Under ordinary circumstances the service under such a return might be assumed to have been made in the sheriff's own parish, but where in open court the officer declared to the judge that such was not the fact (and the judge in the bill of exceptions so informs us), we think it was the duty of accused to have caused the officer to amend his return so as to show the fact, if such it was, that the service was made in Avoyelles.   Strictly speaking, the return should have *shown* originally where the service was made.   When the place of the service was called in question, that fact should have been placed beyond doubt.   The return comes to us with a fact omitted, which we think should have appeared in it.   It is not a full and perfect return.

There is no claim made that the facts stated by the judge and the deputy sheriff are not correct, but only that the circumstances connected with the service are not presented to us in strict form.   At

best, we would only remand the case to have the return amended to conform to the facts—useless where the facts themselves are not disputed.

The case having been ordered by the court to proceed to trial, accused moved for a continuance on the ground of the absence of the witness referred to.

In the affidavit accompanying the application, it is declared that after the case was fixed for trial, accused, through his counsel, obtained an order from the court for a subpœna to issue to the witness (who, affiant was informed, was then in the parish of St. Landry) directed to the sheriff of St. Landry for service, and that he *also placed an order* in the office of the clerk of Avoyelles for a subpœna to be served in Avoyelles by the sheriff of the latter parish, but *nowhere in the affidavit is it stated that the witness was domiciled in Avoyelles.* The facts seem to be that the subpœna which should have issued was that which was to be sent to St. Landry; that no attempt was made to procure the attendance of the witness under it, but that accused took the chance of the sheriff finding the witness in Avoyelles and making service on her there. The failure to allege or to swear to the residence of the witness is significant. There was not due diligence made in the case and the continuance was *properly refused.* In view of that fact, consideration of the character of the testimony which accused might have elicited from the witness (had she been properly summoned) becomes unnecessary. Prior to the trial of the case, an order had been procured by the State for the physical examination of the accused by Dr. DeNux. This examination was made by the doctor, his son being present at the time. Dr. DeNux being unable to attend the trial, Emerin DeNux|(the son) was placed on the stand with the view of establishing through him that defendant was afflicted with venereal disease. Defendant's counsel objected to the inquiry being gone into, because, first, the existence of the disease on the body, or in the system of the accused, was not laid as a charge against him in the indictment; that it was not an offence known in law, and the evidence sought to be elicited was irrelevant and illegal and calculated to highly prejudice the jury against the prisoner.

Second—That the particular witness was not competent to testify as an expert in the case.

The objections were overruled, and the testimony sought to be kept out was admitted, and defendant reserved a bill.

The witness declared that he had studied medicine for some time under his father, and had practised under his direction and in his company. That thereafter he attended Tulane University, and during his studies at that institution had practised in the Charity Hospital. That he had seen and treated at the hospital many cases of this particular disease, not less than fifty. The District Judge was of the opinion that under the circumstances he was competent to testify as an expert. We can not say the court erred. It is true the witness had not as yet received a diploma, or been licensed to practise medicine, but while this fact would be important for certain purposes, it would not of itself disqualify the witness necessarily. A person, other than a licensed physician (for instance, trained nurses in the Charity Hospital), may have such knowledge of a particular disease as to make their statements regarding its existence, and its stage and state of progress thoroughly reliable.

It will be seen that no objection was made to the fact itself of a physical examination of the defendant, nor was any specific objection made to the tardiness of the examination relatively to the date of the alleged commission of the crime. If the latter question was raised at all, it was only remotely so under the claim of irrelevancy.

The objection that the fact of defendant being afflicted at the time of the alleged crime with a venereal disease was not recited or referred to in the indictment, because he is not charged with having such a disease or of having communicated it to others, and that that fact, if proved, would show no crime in this State, is without foundation. The testimony evidently was not elicited for the purpose of charging him with a crime in either having himself or communicating the disease to others, but as a circumstance which, taken in connection with proof that the child alleged to have been raped had had that particular disease communicated to her at or about the time the crime is charged to have occurred, would tend to corroborate (we must assume) other testimony in regard to the commission of the crime and the connection of accused with it. In other words it was simply "evidence" in support of *the charge of rape*, and it was no more necessary or proper to set it out in the indictment than it was to recite any other portion of the testimony which might be adduced.

The objection of irrelevancy of testimony in criminal cases which has been admitted as relevant by the District Judge is one difficult to

be sustained in this State, where the Supreme Court has so little knowledge of the state of the whole record and the whole evidence. Testimony which, under a certain condition of the other evidence taken, would be irrelevant or improper, might become exeedingly pertinent and important under another condition of the testimony. We would have to be well advised by accused, through his bills of exception, of what the exact situation was to justify us in setting aside the rulings of a District Judge fully informed as he was with all the details of the case before him. We understand in this particular case the objection to be urged against the reception of the testimony on the ground that it was not admissible and relevant under the rules of pleading, as applicable to the recitals of the indictment. We have said there was no necessity for setting up these matters in the pleadings in order to make testimony under them relevant. We can easily imagine such a condition of the testimony other than that objected to (which might have been taken in this case) as would have made it proper for the court to allow that objected to to be received. We are bound to assume in the absence of proof to the contrary that his action was authorized.

Objections to the same effect as those which we have just considered were made and overruled to the testimony of Dr. Arnold, a practising physician, who had made a physical examination of the child charged to have been raped. The objections were correctly overruled. It may not be amiss to say that both Dr. Arnold and Emerin DeNux testify not only as to the situation existing at the time of their respective examinations, but from it (as then existing) testify to the course and dates of the disease in each of the parties examined.

In Grimmett vs. The State (Texas), 25 Southwestern Reporter, it was held that *tardiness* of an examination (in that case of certain garments) affects the *weight* and *effect* of testimony, not its *admissibility*.

For the reasons herein assigned the judgment appealed from is hereby affirmed.